The court below held that the proceedings on the petition for dower did not vest a life estate in Rayner's wife.
The lessor of the plaintiff then offered the record of the said petition and proceedings as color of title, and the court permitted it to be read as such, and proof was made that under it the lessor of the plaintiff had been in quiet possession for fifteen years. The defendant then proved that the sole heir of Thomas Collins was an infant at the time of the assignment of dower, and continued such during the entire period of her possession. The judge ruled that the possession under such color of title would not divest the infant heir at law of title, and that therefore (376) the lessors of the plaintiff were not entitled to recover in this action against a stranger, and the plaintiff submitted to a nonsuit. A new trial having been refused and judgment rendered, there was an appeal by plaintiff.
The true inquiry in this case was not whether the assignment of dower divested the heir at law of title, but whether such assignment, accompanied with seven years' possession, gave the plaintiff a right of recovery against a stranger. The defendant was a trespasser, and cannot avail himself of any irregularity in the proceedings by which the dower was assigned. They were had under the authority of a court possessing competent jurisdiction and must be regarded as conclusive, at least in this case, until they are avoided by due course of law. They constitute a presumption of right, which entitles the plaintiff to recover in the absence of any right or title in the defendant. The petition filed by the widow states the infancy of the heir, and prays that a guardian may be appointed to defend, which should have been done by the court, to enable the petitioner to give notice. Nothing, *Page 213 
therefore, can be inferred from the proceedings to show an intentional omission on the part of the widow. There must be a new trial.